UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY DENNIS,<br><br>                              Plaintiff(s),<br><br>    v.<br><br>MISSION SUPPORT AND TEST SERVICES, LLC, et al.,<br><br>                              Defendant(s). | Case No. 2:20-CV-1032 JCM (BNW)<br><br>ORDER |

Presently before the court is plaintiff Jeffrey Dennis' motion to remand. (ECF No. 4). Defendants Mission Support and Test Services, LLC ("MSTS") and Todd Kuhnwald (collectively, "defendants") responded, (ECF No. 11), to which plaintiff replied, (ECF No. 15).

Also before the court is defendants' motion to dismiss. (ECF No. 5). Plaintiff responded, (ECF No. 10), to which defendants replied, (ECF No. 14).

**I.    Background**

In June 2018, plaintiff received a conditional offer of employment with non-party SOC LLC. (ECF No. 1). In order to receive employment, plaintiff was required to pass medical testing. (*Id.*). In August 2012, plaintiff had received a kidney transplant which was allegedly not a disqualifier for the position. (*Id.*). Plaintiff disclosed all relevant information and passed the "phase I medical assessment." (*Id.*).

The "phase II medical assessment" was conducted by defendant Kuhnwald, who was an employee of defendant MSTS. (*Id.*). Plaintiff was denied employment following this assessment. (*Id.*). A year prior, plaintiff had passed a similar medical screening for a similar

**James C. Mahan**
**U.S. District Judge**

position. (*Id.*). Additional opinions indicate that plaintiff was fit to pass the assessment. (*Id.*). Defendants are alleged to have mistakenly prevented plaintiff's employment. (*Id.*).

Plaintiff sued defendants in the Eighth Judicial District Court in Clark County, Nevada, for 1) wrongful interference with prospective economic advantage, 2) negligent hiring/training/supervision, and 3) negligent performance of an undertaking. (*Id.*). Defendants then removed to this court on the basis of diversity jurisdiction, (*Id.*), and shortly thereafter, moved to dismiss the complaint, (ECF No. 5).

Plaintiff now moves to remand this matter to state court for lack of complete diversity. (ECF No. 4).

## II.    Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Because the court's jurisdiction is limited by the Constitution and 28 U.S.C. §§ 1331, 1332, "[t]he threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003) (quoting *Toumajian v. Frailey,* 135 F.3d 648, 653 (9th Cir. 1998)). Thus, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Upon notice of removability, a defendant has thirty days to remove a case to federal court once he knows or should have known that the case was removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)(2)). Defendants are not

James C. Mahan
U.S. District Judge

- 2 -

charged with notice of removability "until they've received a paper that gives them enough information to remove." *Id.* at 1251.

Specifically, "the 'thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face' the facts necessary for federal court jurisdiction." *Id.* at 1250 (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (alterations in original)). "Otherwise, the thirty-day clock doesn't begin ticking until a defendant receives 'a copy of an amended pleading, motion, order or other paper' from which it can determine that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3)).

A plaintiff may challenge removal by timely filing a motion to remand. 28 U.S.C. § 1447(c). On a motion to remand, the removing defendant must overcome the "strong presumption against removal jurisdiction" and establish that removal is proper. *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam)). Due to this strong presumption against removal jurisdiction, the court resolves all ambiguity in favor of remand to state court. *Id.*

### III.    Discussion

Although Kuhnwald is a Nevada resident, defendants argue that he is a sham defendant. (ECF No. 11). A non-diverse defendant is a "sham" if the plaintiff could not possibly recover against the party whose joinder is questioned. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). In examining this question, all disputed questions of fact are resolved in the plaintiff's favor. *Id.* "If there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis added).

Here, this court finds such possibility, especially in light of Nevada's less stringent "notice pleading" regime. *Hay v. Hay*, 100 Nev. 196, 198, 678 P.2d 672, 674 (1984) ("Nevada is a notice-pleading jurisdiction, our courts liberally construe pleadings to place into issue matters

which are fairly noticed to the adverse party"). Construing all factual disputes in plaintiff's favor, this court grants the instant motion to remand.

In his complaint, plaintiff clearly explains why he has sued Kuhnwald: Kuhnwald conducted the medical assessment which allegedly misrepresented plaintiff's condition. Kuhnwald, as a physician's assistant, is clearly alleged to be involved in plaintiff's harms regardless of "ultimate determination." (ECF No. 11). On the face of the complaint and construing all factual disputes in plaintiff's favor, plaintiff has sufficiently detailed his claims for wrongful interference with prospective economic advantage and negligent performance of an undertaking against defendant Kuhnwald. (ECF No. 1). This court is unpersuaded by defendants' arguments on the alleged failures of plaintiff's claims, because this court need only determine whether a state court could *possibly* find that plaintiff has sufficiently stated her claim. *See Kruso,* 872 F.2d at 1426. Kuhnwald is no sham defendant, and this matter is hereby remanded.

In light of this matter's remand, this court denies defendants' motion to dismiss as moot. (ECF No. 6).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to remand (ECF No. 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (ECF No. 5) be, and the same hereby is, DENIED as moot.

DATED September 10, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -